## IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

| | |
|---|---|
| JOSH TESSMER and <br> CHRISTINE TESSMER, <br> Individually and for the Wrongful Death <br> of SARAH TESSMER, <br><br> Plaintiffs, <br><br> v. <br><br> BABY TREND, INC., <br> **SERVE**: Shuyi Li, Chief Financial Officer <br> 13048 Valley Blvd. <br> Fontana, CA 92335 <br><br> Defendant. | Case No.: _____ |

### PETITION

COME NOW Plaintiffs Josh Tessmer and Christine Tessmer, by and through counsel, and bring this Petition/Complaint for their causes of action against defendant Baby Trend, Inc. In support, plaintiffs state and allege as follows:

### PARTIES

1. Plaintiffs Josh and Christine Tessmer are and were at all relevant times residents of Missouri, and are the natural parents of Sarah Tessmer, deceased. Plaintiffs bring and maintain this cause of action, individually and pursuant to Mo. Rev. Stat. § 537.080, as the only Class I wrongful death beneficiaries for the wrongful death of Sarah Tessmer.

2. Defendant Baby Trend, Inc. ("Baby Trend") at all times mentioned herein, designed, manufactured, assembled, marketed and sold the subject baby stroller ("the stroller") which was defective and which asphyxiated and killed 14-month old Sarah Tessmer. Baby Trend is incorporated in California, with its principal offices located in the state of California. Service



EXHIBIT A

Electronically Filed - Christian - September 01, 2021 - 03:28 PM

may be had on Baby Trend by serving its registered agent, Shuyi Li, Chief Financial Officer, 13048 Valley Blvd., Fontana, California, 92335.

3. On or about November 29, 2020, 14-month old Sarah Tessmer suffered fatal injuries when her neck became lodged between the armrest and canopy of the stroller, her oxygen was cut off, and she eventually died.

4. Sarah's death was caused by a Baby Trend stroller that was designed, manufactured and supplied by Baby Trend in the course of its business.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court because Defendant Baby Trend designed, manufactured, marketed, and sold strollers, including the subject Baby Trend Sit N' Stand Model SS76 stroller, for ultimate use in the State of Missouri. Accordingly, it does not offend traditional notions of fair play and substantial justice for Defendant Baby Trend to defend itself in Missouri. Further, Baby Trend has substantial contacts, and minimum contacts, with the state of Missouri. Baby Trend sells strollers in Missouri; solicits business in Missouri; and advertises shipping and sale to individual customers in Missouri. The stroller at issue was sold and shipped to the Plaintiffs in Missouri.

6. Jurisdiction is also proper in the United States District Court for the Western District of Missouri.

7. Venue is proper in this Court pursuant to R.S. Mo. § 508.010, because the incident which injured and killed Sarah occurred in Christian County, Missouri.

## FACTS COMMON TO ALL COUNTS

8. On November 29, 2020, 14-month old Sarah was playing in the living room of her family's home. Josh was in the kitchen, cleaning out the refrigerator. Christine was in the living

room. Sarah and her sister were playing on the stroller and with dolls. As the kids were playing, Christine then went to the bathroom for a few minutes.

9. While Sarah was playing around the stroller, she climbed onto the stroller and her neck became lodged between the front armrest/tray and the front canopy attachments. The stroller entrapped Sarah's head and neck. Sarah was unable to breathe and became hypoxic. Sarah's parents became alerted to the situation and performed CPR. Sarah was rushed to the ER and put on life support, and eventually passed away due to asphyxiation injuries suffered as a result of the unreasonably dangerous condition of the Baby Trend stroller.

10. Plaintiffs Josh and Christine Tessmer were direct victims of the incident which killed 14-month old Sarah Tessmer.

## COUNT I
### (Strict Liability)

COME NOW Plaintiffs, for Count I of their causes of action, and for the wrongful death of Sarah Tessmer, state and allege as follows:

11. Plaintiffs hereby incorporate by reference, as though fully set forth herein, all paragraphs above and below.

12. Defendant Baby Trend developed, designed, manufactured, marketed, and sold, in the regular course of its business, the Baby Trend Sit N' Stand double stroller ("the stroller"), Model # SS76B51A (or referenced by Defendant as "SS76").

13. The stroller was defective and unreasonably dangerous, resulting in injuries to Sarah and resulting in the wrongful death of Sarah Tessmer.

14. Defendant Baby Trend advertises the stroller as a safe stroller for babies, toddlers, and children. Defendant further advertises that parents can "rest assured that baby will be strolling in style and safety," and Defendant Baby Trend advertises and promises that it is "among the

3

worldwide leading manufacturers of juvenile products, who are on the forefront of new and innovative solutions," and further advertises and promises to be "providing the safest, most reliable products available."

15. At the time of Sarah's death, the stroller was in a defective and unreasonably dangerous condition when put to its reasonably anticipated use, in that it:

    a. Failed to protect babies and children from strangle and/or asphyxiation hazards;

    b. Had a pinch point which created a strangulation, asphyxiation and suffocation hazard for babies and small children sitting in the seat and/or playing around and/or climbing onto the stroller;

    c. Was not adequately tested;

    d. Had head and neck entrapment hazards;

    e. Failed to guard against the hazards of head entrapment, asphyxiation, suffocation and strangulation;

    f. Failed to adequately warn and instruct;

    g. Failed to guard against asphyxiation, strangulation and/or suffocation of babies and children;

    h. Failed to warn or give adequate warnings, instructions or information;

    i. Violated and/or failed to adhere to the engineering design hierarchy;

    j. Violated design safety standards;

    k. Failed to design out the hazard of head entrapment; and

    l. Failed to be adequately tested in foreseeable conditions.

16. The stroller was used in a manner that was and/or should have been reasonably anticipated by Defendant Baby Trend.

17. Baby Trend knew or should have known of the unreasonably dangerous and defective conditions in the Sit N' Stand stroller at the time the product was designed and at the time the product left its control. Despite this, Baby Trend continued to sell the stroller to the American public, specifically for use in the State of Missouri.

18. The stroller was in the same condition immediately prior to the incident as when it left the control of Baby Trend.

19. As a direct and proximate result of the unreasonably dangerous and defective condition of the stroller, which defective condition existed when Baby Trend designed, developed, supplied, manufactured and/or sold the stroller, Sarah suffocated and/or was strangled and asphyxiated by the stroller, and suffered fatal injuries. Sarah became blue in the face due to a lack of oxygen. Plaintiffs observed Sarah's condition, and Plaintiffs began performing CPR on Sarah. Sarah vomited, and regained consciousness and/or a heartbeat. Sarah was rushed to the emergency room and put on life support. Sarah eventually passed away.

20. After becoming trapped by the stroller and prior to her death, Sarah experienced conscious pain and suffering. Pursuant to Missouri law, Plaintiffs are entitled to recover damages therefor.

21. Because of Sarah's death, Plaintiffs have been and in the future will be deprived of her services, companionship, comfort, training, instruction, guidance, counsel, consortium and support, for which Plaintiffs are entitled to recover against Defendant.

22. Sarah also sustained medical expenses for which plaintiffs are responsible, and Plaintiffs have also incurred medical, funeral, burial, lost wages and other financial expenses and losses as a result of Sarah's death, all of which Plaintiffs are entitled to recover against Defendant.

23. Pursuant to Missouri law and R.S. Mo. § 537.090, Plaintiffs are entitled to recover economic loss in the form of wages equal to the annual income of Sarah's parents' annual income.

24. Plaintiffs endured suffering and mental anguish in their attempts to resuscitate their child and in experiencing the trauma to and death of their child, Sarah.

25. Defendant Baby Trend placed an unreasonably dangerous product, the stroller, into the stream of commerce with knowledge of its defects, dangers and its unreasonably dangerous condition.

26. Defendant Baby Trend's conduct, as set forth above, manifested a complete indifference to, and a conscious disregard for, the safety and well-being of its anticipated users, including babies, toddlers and children, and to include Sarah Tessmer and the Plaintiffs. The conduct demonstrated a recklessness and conscious disregard for the safety and well-being of others, thereby justifying an award of aggravating circumstances damages and/or punitive damages, so as to punish Defendant Baby Trend and to deter Defendant Baby Trend and others from like conduct in the future.

27. Defendant's conduct, as set forth above, occurred despite knowing that such conduct would, in its natural course, probably result in serious and significant injury and/or death to others. As such, the conduct was reckless and was done in knowing and reckless disregard of the rights and safety of others, including young Sarah Tessmer and Plaintiffs. Defendant Baby Trend engaged in such conduct for profit, putting profits over the safety and well-being of its customers and the public in general. Such conduct warrants the award of aggravating

circumstances damages and punitive damages so as to deter Baby Trend and other corporations from engaging in like conduct in the future, and as punishment for the conduct engaged in by Defendant referenced herein.

WHEREFORE, Plaintiffs pray for judgment against Defendant Baby Trend, that they be awarded an amount that will fairly and reasonably compensate for all damages set forth above, for Sarah's physical pain and suffering, for Sarah's death, for Plaintiffs' suffering, for costs herein expended, post-judgment interest, aggravating circumstance damages and/or punitive damages, and for such other relief as the Court deems just and proper.

## COUNT II
### (Negligence)

Plaintiffs, for Count II of their causes of action against Defendant Baby Trend for the wrongful death of Sarah Tessmer, state and allege as follows:

28. Plaintiffs hereby incorporate by reference, as though fully set forth herein, all paragraphs above and below.

29. Defendant Baby Trend designed, developed, manufactured, marketed, and sold, in the regular course of its business, the Baby Trend stroller.

30. Defendant Baby Trend held itself out as an expert capable of reasonably and prudently developing, designing, testing, manufacturing, marketing, and selling baby strollers.

31. Defendant had a duty to use that degree of skill and care ordinarily exercised by a designer, manufacturer and distributor of strollers and/or other similar child products and the duties to design, develop, manufacture, market and sell the Baby Trend stroller to be reasonably safe under anticipated uses (and misuses) and to be safe in foreseeable circumstances.

32. Defendant Baby Trend represented to Plaintiffs, users, and the public at large that it was "among the worldwide leading manufacturers of juvenile products, who are on the forefront

of new and innovative solutions," and further advertised and promised that it is a company "providing the safest, most reliable products available." Defendant thus also had a separate and independent duty to Plaintiffs and users of its products to provide the safest, most reliable products and to be on the forefront of new and innovative safety solutions, when it designed, developed, manufactured and supplied the stroller.

33. Defendant Baby Trend was negligent and failed to reasonably design, develop, manufacture, market, provide, furnish and sell the Baby Trend stroller in at least the following respects:

    a. In designing the subject stroller:

        i. With choke and/or strangulation hazards;

        ii. With a head entrapment hazard;

        iii. By failing to remove choke, strangulation and/or asphyxiation hazards;

        iv. By failing to remove and/or guard pinch points and/or head entrapment hazards;

        v. Without adequate safety analysis and evaluation; and

        vi. Without adequate testing;

    b. In manufacturing the stroller:

        i. With choke, strangulation and/or asphyxiation hazards;

        ii. With head and neck entrapment hazards;

        iii. By failing to remove choke and strangulation hazards;

        iv. By failing to remove head entrapment hazards;

        v. By failing to remove and/or guard pinch points;

Electronically Filed - Christian - September 01, 2021 - 03:28 PM

   vi. Without adequate safety analysis and evaluation; and

   vii. Without adequate testing;

 c. In furnishing the stroller:

   i. With choke and/or strangulation hazards;

   ii. With head and neck entrapment hazards;

   iii. By failing to remove choke and strangulation hazards;

   iv. By failing to remove and/or guard pinch points;

   v. By failing to remove head entrapment hazards; and

   vi. Without adequate safety analysis and evaluation;

 d. In failing to properly test the stroller for all foreseeable conditions, including foreseeable use and misuse and to include:

   i. In foreseeable conditions, such as a child climbing onto and/or into the stroller;

   ii. Head and/or neck entrapment for children;

   iii. In foreseeable conditions, such as a child leaning over in the stroller;

   iv. In foreseeable conditions, such as a child reaching into the stroller;

   v. In foreseeable conditions, such as a child falling into the stroller; and/or between the arm rest and canopy;

   vi. All potential choke and/or strangulation hazards for babies and children;

 e. In failing to adequately test the stroller;

 f. In failing to warn and instruct purchasers, owners and users of the stroller; and

  g.  In failing to recall and/or retrofit the stroller.

  34.  As a direct and proximate result of Defendant Baby Trend's negligence, Sarah suffocated, was strangled, choked and/or asphyxiated by the stroller and suffered fatal injuries. Sarah became blue in the face due to a lack of oxygen, which Plaintiffs observed. Plaintiffs began performing CPR on Sarah. Sarah vomited, and regained consciousness and/or a heartbeat. Sarah was rushed to the emergency room, put on life support and survived for a period of time before she passed away.

  35.  After becoming trapped by the stroller and prior to her death, Sarah experienced conscious pain and suffering. Pursuant to Missouri law, Plaintiffs are entitled to recover in damages therefor.

  36.  Because of Sarah's death, Plaintiffs have been and in the future will be deprived of her services, companionship, comfort, training, instruction, guidance, counsel, consortium and support, for which Plaintiffs are entitled to recover against Defendant.

  37.  Plaintiffs also sustained medical expenses, and have also incurred medical, funeral, burial, lost wages and other financial expenses and losses as a result of Sarah's death, and Plaintiffs are entitled to recover such damages against Defendant.

  38.  Pursuant to Missouri law and R.S. Mo. § 537.090, Plaintiffs are entitled to recover economic loss in the form of wages equal to the annual income of Sarah's parents' annual income.

  39.  Plaintiffs endured suffering and mental anguish in their attempts to resuscitate their child and in experiencing the trauma to and death of their child, Sarah.

  40.  Defendant Baby Trend's conduct, as set forth above, manifested a complete indifference to, and a conscious disregard for, the safety and well-being of its anticipated users, including babies and children, and to include Sarah Tessmer and Plaintiffs. The conduct

demonstrated recklessness by Baby Trend and demonstrated Baby Trend's conscious disregard for the safety and well-being of others, thereby justifying an award of aggravating circumstance damages and/or punitive damages, so as to punish Defendant Baby Trend and to deter Defendant and others from like conduct in the future.

41. Defendant Baby Trend's conduct, as set forth above, occurred despite knowing that such conduct would, in its natural course, probably result in serious and significant injury and/or death to others. As such, the conduct was reckless and was done in knowing and reckless disregard of the rights, safety and well-being of others, including young Sarah Tessmer and the plaintiffs. Defendant Baby Trend engaged in such conduct for profit, putting profits over the safety and well-being of its customers and the public in general. Such conduct warrants the award of aggravating circumstance damages and/or punitive damages so as to deter defendant Baby Trend and other corporations from engaging in like conduct in the future, and as punishment for the conduct engaged in by Defendant referenced herein.

WHEREFORE, Plaintiffs pray for judgment against Defendant Baby Trend, that they be awarded an amount that will fairly and reasonably compensate for all damages set forth above, for Sarah's physical pain and suffering, for Sarah's death, for Plaintiffs' suffering, for their costs herein expended, post-judgment interest, aggravating circumstances and/or punitive damages, and for such other relief as the Court deems just and proper.

## COUNT III
**(Negligent Infliction of Emotional Distress)**

Plaintiffs, for Count III of their causes of action against Defendant Baby Trend, and for the suffering, injuries, emotional distress to plaintiffs, state and allege as follows:

42. Plaintiffs incorporate fully herein all the paragraphs above and below.

43. Defendant Baby Trend, at all times relevant, had a duty to plaintiffs Josh and Christine Tessmer, to the public at large, and to purchasers of its strollers to adequately test its stroller product to ensure it was safe.

44. Defendant had a duty to plaintiffs Josh and Christine Tessmer, to the public at large, and to purchasers of its strollers to design, produce and provide its strollers in a reasonably safe condition, that is not unreasonably dangerous or defective.

45. Defendant had such duties to plaintiffs and others, to design out and protect against head entrapment risk to babies, toddler and children.

46. Defendant Baby Trend breached such duties, by designing and providing a stroller to plaintiffs and others with head entrapment hazards.

47. Defendant Baby Trend knew or should have known that its conduct in designing a product with head entrapment risk, in failing to adequately test, in failing to design out hazards, and/or in failing to properly protect babies, toddlers and children, exposed parents and other purchasers of the stroller to an unreasonable risk of seeing children asphyxiated and thus exposed such persons to an unreasonable risk of emotional distress.

48. Defendant Baby Trend knew or should have known that its conduct and failures would foreseeably lead to parents and other supervisors witnessing children being suffocated, strangled, choked and/or being asphyxiated.

49. As a direct and proximate result of Defendant Baby Trend's negligence, Sarah suffocated and/or was strangled, choked and/or hanged by the stroller, and suffered fatal injuries. Plaintiffs were in the zone of danger, were directly injured and personally observed Sarah's condition. Plaintiffs tried to save Sarah, which included performing CPR on Sarah.

50. As a direct and proximate result of Defendant Baby Trend's negligence, plaintiffs have suffered and continue to suffer injury, including medically diagnosable and medically significant emotional distress and disturbance.

51. Plaintiffs are entitled to recover for all such injury, medical costs and bills, counseling and non-economic damages related to such emotional distress and suffering.

52. Defendant Baby Trend's conduct, as set forth above, was outrageous; manifested a complete indifference to, and a conscious disregard for, the safety and well-being of its customers and anticipated users, including children, parents and caregivers of children, and including Plaintiffs Josh and Christine Tessmer. The conduct demonstrated recklessness by Baby Trend and justifies an award of punitive damages, so as to punish Defendant Baby Trend and to deter Defendant and others from like conduct in the future.

53. Defendant Baby Trend's conduct, as set forth above, occurred despite knowing that such conduct would, in its natural course, probably result in serious and significant injury and/or death to others and would probably result in severe emotional distress to parents and others. As such, the conduct was reckless and was done in knowing and reckless disregard of the rights, safety and well-being of others. Defendant Baby Trend engaged in such conduct for profit, putting profits over the safety and well-being of parents, caregivers, its customers and the public in general. Such conduct warrants the award of punitive damages so as to deter defendant Baby Trend and other corporations from engaging in like conduct in the future, and as punishment for the conduct engaged in by Defendant referenced herein.

WHEREFORE, Plaintiffs move this Court for an award of all such damages, costs incurred, interest thereon, and all other relief the Court deems just and proper.

STRONG-GARNER-BAUER, P.C.

_____
Steve Garner – MO Bar #35899
Chandler Gregg – MO Bar #56612
Nick Smart – MO Bar # 65189
415 E. Chestnut Expressway
Springfield, MO 65802
Phone: 417-887-4300
Fax: 417-887-4385
sgarner@stronglaw.com
chandler@stronglaw.com
nsmart@stronglaw.com
rb@stronglaw.com
***Attorneys for Plaintiffs***

14

Case 6:21-cv-03268-WBG   Document 1-1   Filed 10/15/21   Page 14 of 14

Electronically Filed - Christian - September 01, 2021 - 03:28 PM