**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| JOSH TESSMER and | ) | |
| CHRISTINE TESSMER, | ) | |
| Individually and for the Wrongful Death | ) | |
| of SARAH TESSMER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 6:21-cv-03268 |
| | ) | |
| BABY TREND, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT BABY TREND, INC'S ANSWER TO PLAINTIFFS' PETITION

COMES NOW Defendant Baby Trend, Inc. ("Baby Trend") through counsel, and for its

Answer and Affirmative Defenses to Plaintiffs' Petition ("Petition"), states:

## PARTIES

1.      Plaintiffs Josh and Christine Tessmer are and were at all relevant times residents of

Missouri, and are the natural parents of Sarah Tessmer, deceased.  Plaintiffs bring and maintain

this cause of action, individually and pursuant to Mo. Rev. Stat. § 537.080, as the only Class I

wrongful death beneficiaries for the wrongful death of Sarah Tessmer.

**ANSWER:**    The allegations contained in Paragraph 1 of the Petition contain legal

conclusions to which no response is necessary.  To the extent a response is required, Baby Trend

is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 1 of the Petition and, therefore, denies the same.

2.      Defendant Baby Trend, Inc. ("Baby Trend") at all times mentioned  herein,

designed, manufactured, assembled, marketed and sold the subject baby stroller ("the stroller")

which was defective and which asphyxiated and killed 14-month old Sarah Tessmer. Baby Trend

is incorporated in California, with its principal offices located in the state of California. Service may be had on Baby Trend by serving its registered agent, Shuyi Li, Chief Financial Officer, 13048 Valley Blvd., Fontana, California, 92335.

**ANSWER:** Baby Trend admits that it is a California Corporation with a principal place of business in California, and that its agent for service is Shuyi Li, 13048 Valley Blvd., Fontana, California, 92335. Baby Trend admits that it designed, marketed and sold to retail stores and other distributors the Baby Trend Sit N' Stand double stroller, Model #SS76. Baby Trend denies the remaining allegations contained in Paragraph 2 of the Petition.

3. On or about November 29, 2020, 14-month old Sarah Tessmer suffered fatal injuries when her neck became lodged between the armrest and canopy of the stroller, her oxygen was cut off, and she eventually died.

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 3 of the Petition.

4. Sarah's death was caused by a Baby Trend stroller that was designed, manufactured and supplied by Baby Trend in the course of its business.

**ANSWER:** Baby Trend admits that it designed and supplied the Baby Trend Sit N' Stand double stroller, Model #SS76, in the course of its business. Baby Trend denies the remaining allegations contained in Paragraph 4 of the Petition.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court because Defendant Baby Trend designed, manufactured, marketed, and sold strollers, including the subject Baby Trend Sit N' Stand Model SS76 stroller, for ultimate use in the State of Missouri. Accordingly, it does not offend traditional notions of fair play and substantial justice for Defendant Baby Trend to defend itself in Missouri. Further, Baby Trend has substantial contacts, and minimum contacts, with the state of Missouri.

Baby Trend sells strollers in Missouri; solicits business in Missouri; and advertises shipping and sale to individual customers in Missouri. The stroller at issue was sold and shipped to the Plaintiffs in Missouri.

**ANSWER:** The allegations contained in Paragraph 5 of the Petition contain legal conclusions to which no response is necessary. To the extent a response is required, Baby Trend admits that it designed, marketed and sold to retail stores and other distributors, including those in the state of Missouri, strollers, including the Baby Trend Sit N' Stand double stroller, Model #SS76. Baby Trend denies the remaining allegations contained in Paragraph 5 of the Petition.

6. Jurisdiction is also proper in the United States District Court for the Western District of Missouri.

**ANSWER:** The allegations contained in Paragraph 6 of the Petition contain legal conclusions to which no response is necessary. To the extent a response is required, Baby Trend admits that jurisdiction is proper in the United States District Court for the Western District of Missouri, Southern Division.

7. Venue is proper in this Court pursuant to R.S. Mo. § 508.010, because the incident which injured and killed Sarah occurred in Christian County, Missouri.

**ANSWER:** The allegations contained in Paragraph 7 of the Petition contain legal conclusions to which no response is necessary. To the extent a response is required, Baby Trend denies the allegations contained in Paragraph 7 of the Petition.

## FACTS COMMON TO ALL COUNTS

8. On November 29, 2020, 14-month old Sarah was playing in the living room of her family's home. Josh was in the kitchen, cleaning out the refrigerator. Christine was in the living

room. Sarah and her sister were playing on the stroller and with dolls. As the kids were playing, Christine then went to the bathroom for a few minutes.

**ANSWER:** Baby Trend is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Petition and, therefore, denies the same.

9. While Sarah was playing around the stroller, she climbed onto the stroller and her neck became lodged between the front armrest/tray and the front canopy attachments. The stroller entrapped Sarah's head and neck. Sarah was unable to breathe and became hypoxic. Sarah's parents became alerted to the situation and performed CPR. Sarah was rushed to the ER and put on life support, and eventually passed away due to asphyxiation injuries suffered as a result of the unreasonably dangerous condition of the Baby Trend stroller.

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 9 of the Petition.

10. Plaintiffs Josh and Christine Tessmer were direct victims of the incident which killed 14-month old Sarah Tessmer.

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 10 of the Petition.

## COUNT I
### (Strict Liability)

11. Plaintiffs hereby incorporate by reference, as though fully set forth herein, all paragraphs above and below.

**ANSWER:** Baby Trend incorporates by reference its responses to the allegations contained in the Petition as though fully set forth herein.

12.    Defendant Baby Trend developed, designed, manufactured, marketed, and sold, in the regular course of its business, the Baby Trend Sit N' Stand double stroller ("the stroller"), Model# SS76B51A (or referenced by Defendant as "SS76").

**ANSWER:**    Baby Trend admits that it designed, marketed and sold to retail stores and other distributors, the Baby Trend Sit N' Stand double stroller, Model #SS76 in the regular course of its business. Baby Trend denies the remaining allegations contained in Paragraph 12 of the Petition.

13.    The stroller was defective and unreasonably dangerous, resulting in injuries to Sarah and resulting in the wrongful death of Sarah Tessmer.

**ANSWER:**    Baby Trend denies the allegations contained in Paragraph 13 of the Petition.

14.    Defendant Baby Trend advertises the stroller as a safe stroller for babies, toddlers, and children.  Defendant further advertises that parents can "rest assured that baby will be strolling in style and safety," and Defendant Baby Trend advertises and promises that it is "among the innovative solutions," and further advertises and promises to be "providing the safest, most reliable products available."

**ANSWER:**    Baby Trend states the allegations contained in Paragraph 14 of the Petition purport to reference certain advertisements.  The advertisements speak for themselves and Baby Trend denies any attempt to characterize them. Baby Trend denies the remaining allegations contained in Paragraph 14 of the Petition.

15.    At the time of Sarah's death, the stroller was in a defective and unreasonably dangerous condition when put to its reasonably anticipated use, in that it:

a.  Failed to protect babies and children from strangle and/or asphyxiation hazards;

b.  Had a pinch point which created a strangulation, asphyxiation and suffocation hazard for babies and small children sitting in the seat and/or playing around and/or climbing onto the stroller;

c.  Was not adequately tested;

d.  Had head and neck entrapment hazards;

e.  Failed to guard against the hazards of head entrapment, asphyxiation, suffocation and strangulation;

f.  Failed to adequately warn and instruct;

g.  Failed to guard against asphyxiation, strangulation and/or suffocation of babies and children;

h.  Failed to warn or give adequate warnings, instructions or information;

i.  Violated and/or failed to adhere to the engineering design hierarchy;

j.  Violated design safety standards;

k.  Failed to design out the hazard of head entrapment; and

l.  Failed to be adequately tested in foreseeable conditions.

**ANSWER:**  Baby Trend denies the allegations contained in Paragraph 15 of the Petition, including all subparts.

16.  The stroller was used in a manner that was and/or should have been reasonably anticipated by Defendant Baby Trend.

**ANSWER:**  Baby Trend denies the allegations contained in Paragraph 16 of the Petition.

6

17. Baby Trend knew or should have known of the unreasonably dangerous and defective conditions in the Sit N' Stand stroller at the time the product was designed and at the time the product left its control. Despite this, Baby Trend continued to sell the stroller to the American public, specifically for use in the State of Missouri.

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 17 of the Petition.

18. The stroller was in the same condition immediately prior to the incident as when it left the control of Baby Trend.

**ANSWER:** Baby Trend is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Petition and, therefore, denies the same.

19. As a direct and proximate result of the unreasonably dangerous and defective condition of the stroller, which defective condition existed when Baby Trend designed, developed, supplied, manufactured and/or sold the stroller, Sarah suffocated and/or was strangled and asphyxiated by the stroller, and suffered fatal injuries. Sarah became blue in the face due to a lack of oxygen. Plaintiffs observed Sarah's condition, and Plaintiffs began performing CPR on Sarah. Sarah vomited, and regained consciousness and/or a heartbeat. Sarah was rushed to the emergency room and put on life support. Sarah eventually passed away.

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 19 of the Petition.

20. After becoming trapped by the stroller and prior to her death, Sarah experienced conscious pain and suffering. Pursuant to Missouri law, Plaintiffs are entitled to recover damages therefor.

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 20 of the Petition.

21.     Because of Sarah's death, Plaintiffs have been and in the future will be deprived of her services, companionship, comfort, training, instruction, guidance, counsel, consortium and support, for which Plaintiffs are entitled to recover against Defendant.

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 21 of the Petition.

22.     Sarah also sustained medical expenses for which plaintiffs are responsible, and Plaintiffs have also incurred medical, funeral, burial, lost wages and other financial expenses and losses as a result of Sarah's death, all of which Plaintiffs are entitled to recover against Defendant.

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 22 of the Petition.

23.     Pursuant to Missouri law and R.S. Mo. § 537.090, Plaintiffs are entitled to recover economic loss in the form of wages equal to the annual income of Sarah's parents' annual income.

**ANSWER:** The allegations contained in Paragraph 23 of the Petition contain legal conclusions to which no response is necessary. To the extent a response is required, Baby Trend denies that is liable to Plaintiffs for damage and denies the remaining allegations contained in Paragraph 23.

24.     Plaintiffs endured suffering and mental anguish in their attempts to resuscitate their child and in experiencing the trauma to and death of their child, Sarah.

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 24 of the Petition.

25.     Defendant Baby Trend placed an unreasonably dangerous product, the stroller, into the stream of commerce with knowledge of its defects, dangers and its unreasonably dangerous condition.

**ANSWER:**     Baby Trend denies the allegations contained in Paragraph 25 of the Petition.

26.     Defendant Baby Trend's conduct, as set forth above, manifested a complete indifference to, and a conscious disregard for, the safety and well-being of its anticipated users, including babies, toddlers and children, and to include Sarah Tessmer and the Plaintiffs. The conduct demonstrated a recklessness and conscious disregard for the safety and well-being of others, thereby justifying an award of aggravating circumstances damages and/or punitive damages, so as to punish Defendant Baby Trend and to deter Defendant Baby Trend and others from like conduct in the future.

**ANSWER:**     Baby Trend denies the allegations contained in Paragraph 26 of the Petition.

27.     Defendant's conduct, as set forth above, occurred despite knowing that such conduct would, in its natural course, probably result in serious and significant injury and/or death to others. As such, the conduct was reckless and was done in knowing and reckless disregard of the rights and safety of others, including young Sarah Tessmer and Plaintiffs. Defendant Baby Trend engaged in such conduct for profit, putting profits over the safety and well-being of its customers and the public in general. Such conduct warrants the award of aggravating circumstances damages and punitive damages so as to deter Baby Trend and other corporations from engaging in like conduct in the future, and as punishment for the conduct engaged in by Defendant referenced herein.

9

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 27 of the Petition.

WHEREFORE, Defendant Baby Trend, Inc. prays this Court enter judgment in its favor on Count I of the Petition, that the Petition be dismissed with prejudice, that Defendant be awarded its costs and expenses incurred herein, and for such other and further relief as the Court deems just and proper.

<u>**COUNT II**</u>
**(Negligence)**

28.     Plaintiffs hereby incorporate by reference, as though fully set forth herein, all paragraphs above and below.

**ANSWER:** Baby Trend incorporates by reference its responses to the allegations contained in the Petition as though fully set forth herein.

29.     Defendant Baby Trend designed, developed, manufactured, marketed, and sold, in the regular course of its business, the Baby Trend stroller.

**ANSWER:** Baby Trend admits that it designed, developed, marketed and sold to retail stores and other distributors, the Baby Trend Sit N' Stand double stroller, Model #SS76 in the regular course of its business. Baby Trend denies the remaining allegations contained in Paragraph 29 of the Petition.

30.     Defendant Baby Trend held itself out as an expert capable of reasonably and prudently developing, designing, testing, manufacturing, marketing, and selling baby strollers.

**ANSWER:** Baby Trend Baby Trend admits that it reasonably and prudently developed, designed, tested, marketed and sold to retail stores and other distributors, baby strollers through

working with engineers and third-party testing companies and complying with required standards. Baby Trend denies the remaining allegations contained in Paragraph 30 of the Petition.

31.     Defendant had a duty to use that degree of skill and care ordinarily exercised by a designer, manufacturer and distributor of strollers and/or other similar child products and the duties to design, develop, manufacture, market and sell the Baby Trend stroller to be reasonably safe under anticipated uses (and misuses) and to be safe in foreseeable circumstances.

**ANSWER:**     The allegations contained in Paragraph 31 of the Petition contain legal conclusions to which no response is necessary.  To the extent a response is required, Baby Trend denies the allegations contained in Paragraph 31 of the Petition.

32.     Defendant Baby Trend represented to Plaintiffs, users, and the public at large that it was "among the worldwide leading manufacturers of juvenile products, who are on the forefront of new and innovative solutions," and further advertised and promised that it is a company "providing the safest, most reliable products available."  Defendant thus also had a separate and independent duty to Plaintiffs and users of its products to provide the safest, most reliable products and to be on the forefront of new and innovative safety solutions, when it designed, developed, manufactured and supplied the stroller

**ANSWER:**     Baby Trend states the allegations contained in Paragraph 32 of the Petition purport to reference certain advertisements.  The advertisements speak for themselves and Baby Trend denies any attempt to characterize them. The allegations contained in Paragraph 32 of the Petition also contain legal conclusions to which no response is necessary.  To the extent a response is required, Baby Trend denies the allegations contained in Paragraph 32 of the Petition.

33. Defendant Baby Trend was negligent and failed to reasonably design, develop, manufacture, market, provide, furnish and sell the Baby Trend stroller in at least the following respects:

a. In designing the subject stroller:

    i. With choke and/or strangulation hazards;

    ii. With a head entrapment hazard;

    iii. By failing to remove choke, strangulation and/or asphyxiation hazards;

    iv. By failing to remove and/or guard pinch points and/or head entrapment hazards;

    v. Without adequate safety analysis and evaluation; and

    vi. Without adequate testing;

b. In manufacturing the stroller:

    i. With choke, strangulation and/or asphyxiation hazards;

    ii. With head and neck entrapment hazards;

    iii. By failing to remove choke and strangulation hazards;

    iv. By failing to remove head entrapment hazards;

    v. By failing to remove and/or guard pinch points;

    vi. Without adequate safety analysis and evaluation; and

    vii. Without adequate testing;

c. In furnishing the stroller:

    i. With choke and/or strangulation hazards;

    ii. With head and neck entrapment hazards;

        iii.     By failing to remove choke and strangulation hazards;

        iv.     By failing to remove and/or guard pinch points;

        v.     By failing to remove head entrapment hazards; and

        vi.     Without adequate safety analysis and evaluation;

d.     In failing to property test the stroller for all foreseeable conditions, including foreseeable use and misuse and to include:

        i.     In foreseeable conditions, such as a child climbing onto and/or into the stroller;

        ii.     Head and/or neck entrapment for children;

        iii.     In foreseeable conditions, such as a child leaning over in the stroller;

        iv.     In foreseeable conditions, such as a child reaching into the stroller;

        v.     In foreseeable conditions, such as a child falling into the stroller; and/or between the arm rest and canopy;

        vi.     All potential choke and/or strangulation hazards for babies and children;

e.     In failing to adequately test the stroller;

f.     In failing to warn and instruct purchasers, owners and users of the stroller; and

g.     In failing to recall and/or retrofit the stroller.

**ANSWER:**    Baby Trend denies the allegations contained in Paragraph 33 of the Petition, including all subparts.

34.    As a direct and proximate result of Defendant Baby Trend's negligence, Sarah suffocated, was strangled, choked and/or asphyxiated by the stroller and suffered fatal injuries. Sarah became blue in the face due to a lack of oxygen, which Plaintiffs observed. Plaintiffs began

performing CPR on Sarah. Sarah vomited, and regained consciousness and/or a heartbeat. Sarah was rushed to the emergency room, put on life support and survived for a period of time before she passed away.

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 34 of the Petition.

35. After becoming trapped by the stroller and prior to her death, Sarah experienced conscious pain and suffering. Pursuant to Missouri law, Plaintiffs are entitled to recover in damages therefor.

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 35 of the Petition.

36. Because of Sarah's death, Plaintiffs have been and in the future will be deprived of her services, companionship, comfort, training, instruction, guidance, counsel, consortium and support, for which Plaintiffs are entitled to recover against Defendant.

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 36 of the Petition.

37. Plaintiffs also sustained medical expenses, and have also incurred medical, funeral, burial, lost wages and other financial expenses and losses as a result of Sarah's death, and Plaintiffs are entitled to recover such damages against Defendant

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 37 of the Petition.

38. Pursuant to Missouri law and R.S. Mo.§ 537.090, Plaintiffs are entitled to recover economic loss in the form of wages equal to the annual income of Sarah's parents' annual income.

**ANSWER:** The allegations contained in Paragraph 38 of the Petition contain legal conclusions to which no response is necessary. To the extent a response is required, Baby Trend denies that is liable to Plaintiffs for damages and denies the remaining allegations contained in Paragraph 38 of the Petition.

39. Plaintiffs endured suffering and mental anguish in their attempts to resuscitate their child and in experiencing the trauma to and death of heir child, Sarah.

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 39 of the Petition.

40. Defendant Baby Trend's conduct, as set forth above, manifested a complete indifference to, and a conscious disregard for, the safety and well-being of its anticipated users, including babies and children, and to include Sarah Tessmer and Plaintiffs. The conduct demonstrated recklessness by Baby Trend and demonstrated Baby Trend's conscious disregard for the safety and well-being of others, thereby justifying an award of aggravating circumstance damages and/or punitive damages, so as to punish Defendant Baby Trend and to deter Defendant and others from like conduct in the future.

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 40 of the Petition.

41. demonstrated recklessness by Baby Trend and demonstrated Baby Trend's conscious disregard for the safety and well-being of others, thereby justifying an award of aggravating circumstance damages and/or punitive damages, so as to punish Defendant Baby Trend and to deter Defendant and others from like conduct in the future.

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 41 of the Petition.

WHEREFORE, Defendant Baby Trend, Inc. prays this Court enter judgment in its favor on Count II of the Petition, that the Petition be dismissed with prejudice, that Defendant be awarded its costs and expenses incurred herein, and for such other and further relief as the Court deems just and proper.

## COUNT III
### (Negligent Infliction of Emotional Distress)

42. Plaintiffs incorporate fully herein all the paragraphs above and below.

**ANSWER:** Baby Trend incorporates by reference its responses to the allegations contained in the Petition as though fully set forth herein.

43. Defendant Baby Trend, at all times relevant, had a duty to plaintiffs Josh and Christine Tessmer, to the public at large, and to purchasers of its strollers to adequately test its stroller product to ensure it was safe.

**ANSWER:** The allegations contained in Paragraph 43 of the Petition contain legal conclusions to which no response is necessary. To the extent a response is required, Baby Trend denies the allegations contained in Paragraph 43 of the Petition.

44. Defendant had a duty to plaintiffs Josh and Christine Tessmer, to the public at large, and to purchasers of its strollers to design, produce and provide its strollers in a reasonably safe condition, that is not unreasonably dangerous or defective.

**ANSWER:** The allegations contained in Paragraph 44 of the Petition contain legal conclusions to which no response is necessary. To the extent a response is required, Baby Trend denies the allegations contained in Paragraph 44 of the Petition.

45. Defendant had such duties to plaintiffs and others, to design out and protect against head entrapment risk to babies, toddler and children.

**ANSWER:** The allegations contained in Paragraph 45 of the Petition contain legal conclusions to which no response is necessary. To the extent a response is required, Baby Trend denies the allegations contained in Paragraph 45 of the Petition.

46. Defendant Baby Trend breached such duties, by designing and providing a stroller to plaintiffs and others with head entrapment hazards.

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 46 of the Petition.

47. Defendant Baby Trend knew or should have known that its conduct in designing a product with head entrapment risk, in failing to adequately test, in failing to design out hazards, and/or in failing to properly protect babies, toddlers and children, exposed parents and other purchasers of the stroller to an unreasonable risk of seeing children asphyxiated and thus exposed such persons to an unreasonable risk of emotional distress.

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 47 of the Petition.

48. Defendant Baby Trend knew or should have known that its conduct and failures would foreseeably lead to parents and other supervisors witnessing children being suffocated, strangled, choked and/or being asphyxiated.

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 48 of the Petition.

49. As a direct and proximate result of Defendant Baby Trend's negligence, Sarah suffocated and/or was strangled, choked and/or hanged by the stroller, and suffered fatal injuries. Plaintiffs were in the zone of danger, were directly injured and personally observed Sarah's condition. Plaintiffs tried to save Sarah, which included performing CPR on Sarah.

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 49 of the Petition.

50. As a direct and proximate result of Defendant Baby Trend's negligence, plaintiffs have suffered and continue to suffer injury, including medically diagnosable and medically significant emotional distress and disturbance.

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 50 of the Petition.

51. Plaintiffs are entitled to recover for all such injury, medical costs and bills, counseling and non-economic damages related to such emotional distress and suffering.

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 51 of the Petition.

52. Defendant Baby Trend's conduct, as set forth above, was outrageous; manifested a complete indifference to, and a conscious disregard for, the safety and well-being of its customers and anticipated users, including children, parents and caregivers of children, and including Plaintiffs Josh and Christine Tessmer. The conduct demonstrated recklessness by Baby Trend and justifies an award of punitive damages, so as to punish Defendant Baby Trend and to deter Defendant and others from like conduct in the future.

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 52 of the Petition.

53. Defendant Baby Trend's conduct, as set forth above, occurred despite knowing that such conduct would, in its natural course, probably result in serious and significant injury and/or death to others and would probably result in severe emotional distress to parents and others. As such, the conduct was reckless and was done in knowing and reckless disregard of the rights, safety

and well-being of others. Defendant Baby Trend engaged in such conduct for profit, putting profits over the safety and well-being of parents, caregivers, its customers and the public in general. Such conduct warrants the award of punitive damages so as to deter defendant Baby Trend and other corporations from engaging in like conduct in the future, and as punishment for the conduct engaged in by Defendant referenced herein.

**ANSWER:** Baby Trend denies the allegations contained in Paragraph 53 of the Petition.

WHEREFORE, Defendant Baby Trend, Inc. prays this Court enter judgment in its favor on Count III of the Petition, that the Petition be dismissed with prejudice, that Defendant be awarded its costs and expenses incurred herein, and for such other and further relief as the Court deems just and proper.

## **GENERAL DENIAL**

Defendant denies any and all allegations contained in Plaintiff's Petition that are not directly admitted in Paragraphs 1 through 53 above.

## **ADDITIONAL AFFIRMATIVE DEFENSES**

1.      Plaintiffs' Petition and all Counts thereof fail to state a claim against Baby Trend.

2.      Any damages allegedly sustained by the Plaintiffs were directly caused or directly contributed to be caused by the act and/or omissions of the Plaintiffs sufficient to bar and/or reduce recovery pursuant to RSMo. § 537.765 in the following particulars:

        a.   Plaintiffs failed to obtain, read and/or follow all warnings and instructions for the safe use of the Sit N' Stand Model #SS76 stroller;

        b.   Plaintiffs failed to attend and supervise their child(ren) while using the Sit N' Stand Model #SS76 stroller; and

c. Plaintiffs allowed their child(ren) to use the Sit N' Stand Model #SS76 stroller as a toy.

d. Plaintiffs failed to use the product as reasonably anticipated by the manufacturer;

e. Plaintiffs allowed the use of the product for a purpose not intended by the manufacturer;

f. Plaintiffs used the product with knowledge of a danger involved in such use with reasonable appreciation of the consequences and the voluntary and unreasonable exposure to said danger;

g. Plaintiffs unreasonable failed to appreciate the danger involved in use of the product or the consequences thereof and the unreasonable exposure to said danger;

h. Plaintiffs failed undertake the precautions a reasonably careful user of the product would take to protect against dangers which he would reasonably appreciate under the same or similar circumstances; and

i. Plaintiffs failed to mitigate damages.

3. Baby Trend is entitled to an offset or reduction, pursuant to § 537.060 RSMo, for any amount paid in settlement to Plaintiffs, if any, due to the actions of any other person or entity in amounts yet to be determined. Baby Trend reserves the right to plead such amount with specificity after it is known.

4. Baby Trend alleges that it is not liable pursuant to pursuant to Section 537.764 RSMo. because the Sit N' Stand Model #SS76 stroller conformed with the generally recognized and prevailing state-of-the-art in the industry. Plaintiffs' claims are barred in whole or in part by

the lack of defect, as the Baby Trend stroller was properly designed and/or manufactured in accordance with the applicable standard of care and in compliance with all applicable federal and state statutes and regulations, if any, existing at the time of manufacture that prescribed standards for design, inspection, testing, manufacture, or instructions for use of the product.

5.      Baby Trend alleges that the Plaintiffs misused the Sit N' Stand Model #SS76 stroller by failing to read and follow all written plain and unambiguous instructions for safety. Those instructions specifically warned against leaving a child unattended with the stroller and that the stroller was not a toy in addition to other warnings on safety.

6.      Baby Trend alleges that Plaintiffs assumed the risk of all injuries and damages to their child by reading and understanding the specific risks to safety to include but not limited to warnings never to leave a child unattended, and warnings that the stroller should not be used as a toy, and voluntarily exposing their child to hazards.

7.      Any damages allegedly sustained by Plaintiffs were directly caused or directly contributed to be caused by the negligent acts/omissions of third parties not under the control of Baby Trend.

8.      Any damages claimed by Plaintiffs were against Baby Trend were caused by intervening acts and/or omissions of Plaintiffs or third parties.

9.      Any condition to and of the subject product, the dangerous nature of which is denied by Baby Trend, was open and obvious such that no additional warning was required to be given to Plaintiffs.

10.      Baby Trend had no notice of any unreasonable dangerous condition of the subject product of which Plaintiffs complain and assert in this cause of action.

11.     Baby Trend states that the product allegedly designed and sold by Baby Trend was out of the control of Baby Trend over a material period of time and that during that time, Baby Trend had no control over the maintenance or use of the product. Baby Trend further states that if there was any defect in the product as of the time of the incident alleged in Plaintiffs' Petition, such being specifically denied, such defect or deficiency did not relate to the original design, manufacture or sale of the product or any procedure undertaken by Baby Trends but, on the contrary, was the result of the misuse, abnormal use, abuse, improper maintenance, improper installation or other acts or activities on the part of Plaintiffs or others for whom Baby Trend is not and cannot be responsible.

12.     Plaintiffs or others not under Baby Trend's control substantially altered the product in question after it left Baby Trend's control.

13.     Plaintiffs' alleged injuries and/or damages, if any, were not caused by the negligence of Baby Trend, but rather were proximately caused by the abnormal, unforeseeable, and/or unintended use and/or misuse of the product in question.

14.     Plaintiffs' alleged injuries and damages were the result of preexisting or subsequent conditions which are unrelated to any product designed, manufactured, sold, processed, produced, distributed, marketed, used, and/or supplied by Baby Trend.

15.     The Sit N' Stand stroller was not defective nor unreasonably dangerous at the time of the sale or supply, but made defective or unreasonably dangerous by subsequent unforeseeable alterations, changes, improper maintenance or misuse by others, including Plaintiffs and/or others over whom Baby Trend had no control, and that such subsequent unforeseeable alterations, changes, improper maintenance or misuse by others bars the claims being made by Plaintiffs against Baby Trend.

16. Baby Trend reserves the right to assert that Plaintiffs or others under their control, or outside Plaintiffs' control, negligently engaged in evidence spoliation by removing, disassembling, altering, and/or testing the allegedly defective product before Baby Trend had an opportunity to inspect the allegedly defective product to Baby Trend's prejudice.

17. Baby Trend relies on any and all disclaimers of warranties contained in any relevant contract, guarantee or warranty.

18. Baby Trend states that the Petition fails to properly state a claim for punitive damages as more specifically stated in Baby Trend's Motion to Strike (incorporated herein).

19. Baby Trend is entitled to an apportionment of fault among and contribution from joint tortfeasors pursuant to a factfinder's allocation in the event any judgment is entered against it, pursuant to RSMo. § 537.060.

20. Baby Trend hereby adopts and incorporates herein all defenses available to it under the Missouri Products Liability Act, RSMo. § 537.760, et seq.

21. Baby Trend reserves the right to assert such other affirmative defenses as may become available or known during the course of discovery in this matter.

## <u>DEMAND FOR JURY TRIAL</u>

Baby Trend demands a trial by jury on all issues raised in Plaintiffs' Petition or in this responsive pleading that may be tried to a jury.

WHEREFORE, having fully answered Plaintiffs' Complaint, Baby Trend prays that this Court enter Judgment in their favor and against Plaintiffs, that Plaintiffs' Petition be dismissed with prejudice, and that Baby Trend be awarded their costs and expenses incurred herein, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**FOLAND, WICKENS, ROPER,**
  **HOFER & CRAWFORD, P.C.**


_/s/_     _Kyle N. Roehler_

| | |
|---|---|
| Kyle N. Roehler | MO #51727 |
| Karen A. Read | MO #47855 |

1200 Main Street, Suite 2200
Kansas City, MO 64105-2159
816-472-7474
816-472-6262 Facsimile
kroehler@fwpclaw.com
kread@fwpclaw.com
***ATTORNEYS FOR DEFENDANT***
***BABY TREND, INC.***




## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on October 15, 2021, a true and correct copy of the above and foregoing document was electronically filed using the CM-ECF system and was sent by electronic mail to:

STRONG-GARNER-BAUER, P.C.
Steve Garner
Chandler Gregg
Nick Smart
415 E. Chestnut Expressway
Springfield, MO 65802
Phone: 417-887-4300
Fax: 417-887-4385
sgarner@stronglaw.com
chandler@stronglaw.com
nsmart@stronglaw.com
***Attorneys for Plaintiffs***

                       _/s/ Kyle N. Roehler_
                       _Attorney for Defendant Baby Trend, Inc._