# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JOSH TESSMER, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 21-03268-CV-S-WBG |
| BABY TREND, INC., | ) |
| Defendant. | ) |

## ORDER

Pending is Defendant Baby Trend, Inc.'s Motion to Strike. Doc. 4. For the following reasons, Defendant's motion is **DENIED**.

### I. BACKGROUND

On September 1, 2021, Plaintiffs Josh Tessmer and Christine Tessmer filed a lawsuit against Defendant Baby Trend, Inc., in the Circuit Court of Christian County, Missouri. Doc. 1-1. They assert claims of strict liability, negligence, and negligent infliction of emotional distress arising from the alleged wrongful death of their daughter. *Id*. Defendant was served on September 16, 2021 and removed the matter to this Court on October 15, 2021. Doc. 1.

Contemporaneous with the Notice of Removal, Defendant filed its answer (Doc. 3) and the pending motion to strike (Doc. 4). Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Defendant moves to strike Plaintiffs' prayers for punitive damages in all three claims. Doc. 4. On October 26, 2021, Plaintiffs filed their opposition to the motion to strike. Doc. 9. On November 5, 2021, the motion became fully briefed with the filing of Defendant's reply. Doc. 10.

## II. DISCUSSION

Before addressing Defendant's request to strike Plaintiffs' prayers for punitive damages, the Court will identify Plaintiffs' allegations that support and/or relate to their prayers for punitive damages. Then, the Court will address Defendant's motion to strike. Finally, the Court will consider whether Plaintiffs' prayers for punitive damages should be dismissed for failure to state a claim, which Defendant seems to request in its motion.

### A. Plaintiffs' Allegations

Plaintiffs allege Defendant developed, designed, manufactured, marketed, and sold a "defective and unreasonably dangerous" stroller that "asphyxiated and killed" their 14-month-old daughter. Doc. 1-1 at 1-13. Among other things, they assert the following about the stroller:

- It "[f]ailed to protect babies and children from strangle and/or asphyxiation hazards,"
- It "[h]ad a pinch point which created a strangulation, asphyxiation and suffocation hazard for babies and small children sitting in the seat and/or playing around and/or climbing onto the stroller,"
- It "[w]as not adequately tested,"
- It "[h]ad head and neck entrapment hazards," and
- It "[f]ailed to guard against the hazards of head entrapment, asphyxiation, suffocation and strangulation."

*Id*. at 4. They also contend, *inter alia*, Defendant negligently developed, manufactured, marketed, furnished, sold, and tested the stroller; failed to adhere to engineering design hierarchy and design safety standards; failed to adequately warn and/or instruct purchasers; failed to eliminate the head entrapment hazard from the design; failed to adequate test the stroller; failed to properly protect babies, toddlers, and children; and failed to recall and/or retrofit the stroller. *Id*. at 4, 9-10, 12.

According to Plaintiffs, Defendant "knew or should have known of the unreasonably dangerous or defective conditions" in the stroller "at the time the product was designed and at the

time the product left its control" but Defendant, with alleged knowledge of the stroller's defects and dangerous condition, "continued to sell the stroller." *Id*. at 5-6, 12.  They also claim Defendant "knew or should have known" designing a defective stroller "exposed parents and other purchasers of the stroller to an unreasonable risk of seeing children asphyxiated and thus exposed such persons to an unreasonable risk of emotional distress"; "would foreseeably lead to parents and other supervisors witnessing children being suffocated, strangled, choked and/or being asphyxiated." *Id*. at 12.

Plaintiffs allege Defendant's negligence led to their daughter being suffocated, strangled, and/or choked by the stroller; caused Plaintiffs' daughter to die; and Plaintiffs, who "were in the zone of danger, were directly injured and personally observed [their daughter's] condition." *Id*. at 1-3, 5, 10, 12.  They maintain they are entitled to punitive damages because Defendant's conduct was "outrageous"; "knowing"; "manifested a complete indifference to, and a conscious disregard for, the safety and well-being of its anticipated users"; "demonstrated a recklessness and conscious disregard for the safety and well-being of others"; and "occurred despite [Defendant] knowing that such conduct would, in its natural course, probably result in serious and significant injury and/or death to others" and/or "severe emotional distress to parents and others." *Id*. at 6-7, 10-13.

B. **Defendant's Request to Strike Plaintiffs' Prayers for Punitive Damages**

The Federal Rules of Civil Procedure permit a court to strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  The Court has broad discretion in considering a motion to strike. *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007).  But striking a party's pleading, or a portion thereof, is considered "an extreme and disfavored measure." *Id*. (citation omitted); *see also*

3

*Stanbury Law Firm, P.A. v. Internal Revenue Serv.,* 221 F.3d 1059, 1063 (8th Cir. 2000) (recognizing motions to strike are "infrequently granted.").

Defendant argues Plaintiffs' claims for punitive damages must be struck because the claims are supported by "conclusory statements" and are not sufficiently pleaded. Doc. 4 at 2-4; Doc. 10 at 1-5. Significantly, Defendant does not contend Plaintiffs' allegations related to punitive damages are redundant, immaterial, impertinent, or scandalous, which are the bases of a Rule 12(f) motion. *See* Docs. 4, 10; Fed. R. Civ. P. 12(f). For this reason alone, the Court **DENIES** Defendant's motion to strike.

In addition to the Rule 12(f) bases, courts have granted motions to strike punitive damage claims where punitive damages were not recoverable against a party or were not permitted by law. *See*, *e.g.*, *Rohweder v. Aberdeen Prod. Credit Ass'n*, 765 F.2d 109, 113 (8th Cir. 1985) (affirming the district court's decision to strike the plaintiff's claim for punitive damages because the defendant, which was "an instrumentality of the United States," could not be held liable for punitive damages absent statutory authorization); *Hughes v. Factory Outlet Rugs, Rolls, & Remnants, Inc.*, No. 05-0906-CV-W-GAF, 2006 WL 8438319, at *1 (W.D. Mo. Sept. 14, 2006) (striking a claim for punitive damages because punitive damages could not be recovered under ERISA); *Spinks v. City of St. Louis Water Div.*, 176 F.R.D. 572, 574 (E.D. Mo. 1997) (striking claims for punitive damages because said damages could not be recovered against a municipality under Title VII). But the matter before this Court is unlike those cases. Here, there is no bar to Plaintiff recovering punitive damages against Defendant. And, as Defendant concedes, punitive damages may be recovered for product liability and negligence claims. Doc. 4 at 2-4; Doc. 10 at 2-4. For this additional reason, the Court **DENIES** Defendant's motion to strike.

C.   **Defendant's Supposed Request to Dismiss Punitive Damages Claims**

Although it cites Rule 12(f) of the Federal Rules of Civil Procedure as the sole basis of its motion, Defendant raises arguments about the sufficiency of Plaintiffs' allegations. *See* Docs. 4, 10. These arguments suggest Defendant seeks to dismiss Plaintiff's prayers for punitive damages pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Although Defendant does not explicitly request dismissal of Plaintiffs' punitive damages claims, the Court will address the implied request.

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8 pleading standard does not require "detailed factual allegations" but does require "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a pleading contains "labels and conclusions," "formulaic recitation of the elements" of a claim, or "naked assertion[s]" lacking "further factual enhancement," the pleading standard is not satisfied. *Id*. (citing *Twombly*, 550 U.S. at 555, 557).

To survive a motion to dismiss for failure to state a claim, "the complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 757 (8th Cir. 2021) (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. at 757 (quoting *Braden*, 588 F.3d at 594).

In considering a motion to dismiss, several tenets are considered. First, a court must accept all factual allegations made in the complaint as true. *Braden,* 588 F.3d at 594. Second, "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Id.* Third, when reviewing a motion to dismiss, all inferences are to be considered in the light most favorable to the non-moving party. *Id.* at 595 ("*Twombly* and *Iqbal* did not change this fundamental tenet of Rule 12(b)(6) practice."). Fourth, at the pleading stage, there is no requirement for direct evidence, and factual allegations may be circumstantial. *McDonough v. Anoka Cnty.,* 799 F.3d 931, 945 (8th Cir. 2015). Finally, evaluating a complaint is context specific, and the Court must "draw on its judicial experience and common sense" when considering a motion to dismiss. *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 556 U.S. at 679).

As set forth *supra*, section II(A), Plaintiffs set forth several factual allegations supporting their prayers for punitive damages. Contrary to Defendant's argument, the Petition contains more than conclusory statements. Instead, Plaintiffs asserted factual matters that, if accepted as true with all inferences drawn in the light most favorable to Plaintiffs, state plausible prayers for punitive damages related to their negligence and product liability claims. Thus, to the extent Defendant sought to dismiss Plaintiffs' claims for punitive damages pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court **DENIES** that request.

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Strike.

**IT IS SO ORDERED.**

DATE: December 17, 2021

        */s/ W. Brian Gaddy*
        W. BRIAN GADDY
        UNITED STATES MAGISTRATE JUDGE