# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JOSH TESSMER and <br> CHRISTINE TESSMER, <br> Individually and for the Wrongful Death <br> of SARAH TESSMER, <br><br> Plaintiffs, <br><br> v. <br><br> BABY TREND, INC., <br><br> Defendant. | Case No. 6:21-cv-3268 |

## JOINT APPLICATION FOR APPROVAL OF WRONGFUL DEATH SETTLEMENT

Plaintiffs Josh Tessmer and Christine Tessmer, individually and as wrongful death claimants pursuant to R.S.Mo. § 537.080 ("Plaintiffs"), by and through their undersigned counsel, and Defendant Baby Trend, Inc. ("Defendant"), by and through its undersigned counsel, pursuant to R.S.Mo. 537.095, hereby make application to this Court for an Order and Judgment approving the settlement of Plaintiffs' wrongful death claim. In support of this Joint Application, Plaintiffs and Defendant state as follows to the Court:

1. Plaintiffs allege that on or about on November 29, 2020, 14-month old Sarah Tessmer sustained fatal injuries when her neck became lodged between the armrest and canopy of a Sit N' Stand Double Stroller, designed, manufactured and supplied by Baby Trend, Inc. (the "Accident"). Plaintiffs allege the Accident was caused because the stroller was defective and unreasonably dangerous, and/or by Baby Trend, Inc.'s negligence with regard to its design, manufacture and sale of the stroller, and that Baby Trend is therefore liable for the bodily injury and wrongful death of Decedent.

2. Josh Tessmer is Decedent's natural father and is an individual in the class of persons entitled to bring an action for the wrongful death of Decedent pursuant to R.S.Mo. § 537.080.01(1).

3. Christine Tessmer is Decedent's natural mother and is an individual in the class of persons entitled to bring an action for the wrongful death of Decedent pursuant to R.S.Mo. § 537.080.01(1).

4. As such, Plaintiffs are within the Class 1 beneficiaries entitled to bring a wrongful death action pursuant to R.S.Mo. § 537.080.

5. There are no additional Class 1 Beneficiaries other than Plaintiffs under said statute at the time of Decedent's death.

6. As members of the Class 1 beneficiaries, Plaintiffs are entitled to sue and recover damages for the wrongful death of Decedent, and Plaintiffs are statutorily authorized to compromise and settle the claim for the wrongful death of Decedent with the approval of this Court.

7. Plaintiffs desire to enter into a full and final settlement and compromise of any and all claims against Defendant relating to the Accident and the wrongful death of Decedent pursuant to a Confidential Settlement Agreement and Release (the "Release"), marked as **Exhibit A**.[1]

8. Although Defendant denies and continues to deny any liability of any kind or character to Plaintiffs, Defendant wishes to enter this full and final settlement and compromise of Plaintiffs' claims against it relating to the Accident and the wrongful death of Decedent pursuant to the Release.

9. As part of the agreed upon settlement between Plaintiffs and Defendant, Defendant has agreed to pay the sum outlined in the "Payment and Apportionment Schedule," marked as **Exhibit B**. Plaintiffs' proposed distribution of the settlement proceeds is also outlined in **Exhibit B**.

10. Plaintiffs agree that if any liens of any nature (including but not limited to medical provider liens, Medicare liens, Medicaid liens, prior or other attorney liens, PIP, medical payment

---

[1] All exhibits referenced herein will be presented to the Court at the approval hearing, for an *in camera* review, and then withdrawn and retained by the parties to ensure preservation of the confidentiality of the settlement between Plaintiffs and Defendant.

and/or subrogation liens) were or are to apply to the settlement proceeds, then Plaintiffs will be responsible for any such liens as set forth in **Exhibit A**.

11. Plaintiffs have entered into a fee agreement with counsel, Strong-Garner-Bauer P.C., and agree that a portion of the settlement funds shall be paid to counsel. Plaintiffs represent the fees paid to counsel are fair and reasonable. Litigation expenses shall also be paid to counsel. The amount of the attorneys' fees to be paid to counsel and the expenses to be reimbursed are outlined in the Release.

12. Defendant has no objection to Plaintiffs' proposed distribution.

13. Plaintiffs have had an opportunity to read and comprehend the terms of the Release of their claims and have had an opportunity to discuss that Release with attorneys of their choice. Plaintiffs believe the settlement is fair and equitable, is within each of their best interests, and is a good faith compromise of all claims against Defendant related to the Accident.

14. The parties voluntarily agree to waive trial by jury of this matter, and the parties believe, represent and state to the Court that the settlement and compromise is fair, reasonable and in the best interest of and advantageous to Plaintiffs pursuant to R.S.Mo. § 537.090.

15. The parties agree and represent to this Court that the settlement and compromise was entered into in good faith. Said settlement and compromise is contingent upon this Court's approval pursuant to R.S.Mo. § 537.095.

16. The parties agree that they will each bear their own costs and attorneys' fees.

17. For the reasons stated herein, the parties hereby request the Court approve this settlement and compromise.

18. Plaintiffs and Defendant request the Court enter an Order authorizing and directing Plaintiffs to execute the Settlement Agreement and Release on behalf of themselves and the statutory class pursuant to R.S.Mo. § 537.080, thereby releasing, waiving, and discharging all actions, claims, and

demands whatsoever which Plaintiffs or any other member of the statutory class has or may have against Defendant as a result of the Accident or the death of Decedent.

WHEREFORE, Plaintiffs respectfully request that the Court enter its Order approving the terms and conditions of the settlement between Plaintiffs and Defendant; finding the settlement and compromise to be fair, reasonable, and in the best interest of Plaintiffs as members of the statutory class established by R.S.Mo. § 537.080, and entered into in good faith; authorizing Plaintiffs to execute the Release and other documents necessary to finalize this settlement and compromise; authorizing Plaintiffs to collect and distribute payment from Defendant in the manner and amount directed by the Court; and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**STRONG-GARNER-BAUER, P.C.**

*/s/ Chandler Gregg*
Steve Garner – MO Bar # 35899
Chandler Gregg – MO Bar # 56612
Nick Smart – MO Bar # 65189
415 E. Chestnut Expressway
Springfield, MO 65802
Phone: 417-887-4300
Fax: 417-887-4385
sgarner@stronglaw.com
chandler@stronglaw.com
nsmart@stronglaw.com
rb@stronglaw.com
**ATTORNEYS FOR PLAINTIFFS**

**and**

**BAKER, STERCHI, COWDEN & RICE, LLC**

*/s/ Kyle N. Roehler*
Kyle N. Roehler – MO #51727
Karen A. Read – MO #47855
Philip V. Sumner – MO #60589
1200 Main Street, Suite 2200
Kansas City, MO 64105-2159
816-472-7474
816-472-6262 Facsimile
kroehler@bakersterchi.com
kread@bakersterchi.com
psumner@bakersterchi.com
**ATTORNEYS FOR DEFENDANT
BABY TREND, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 6 2023, a true and correct copy of the above and foregoing document was electronically filed using the CM-ECF system which will send notice of electronic filing to registered users.

*/s/ Kyle N. Roehler*
*Attorney for Defendant Baby Trend, Inc.*